### Case No. 2,698.

CHRIST et al. v. MAXWELL.

[3 Blatchf. 129.][1]

Circuit Court, S. D. New York. Dec., 1853.

Customs Duties—Sufficiency of Protest — Imposition of Penalty—Powers of Collector.

1. Where, on an appraisal both by official appraisers and merchant appraisers, the invoice value of goods was raised, and duties on the increase were paid under a protest, which objected "that the appraisals and reappraisals were not fairly, impartially, or legally made, nor by persons unprejudiced and duly qualified to make them:" Held, that no action could be maintained to recover back such duties on account of any irregularity either in selecting or qualifying the appraisers, or otherwise, because the protest did not, as required by the act of February 26th, 1845 (5 Stat. 727), set forth distinctly the grounds of objection to the regularity and legality of the appraisements made, or wherein the appraisers were prejudiced or not duly qualified.

[Cited in U. S. v. Earnshaw, 12 Fed. 287.]

2. The goods being the property of their manufacturer, when entered, and being consigned for sale to the party who entered them, and the collector having imposed an additional duty or penalty of 20 per cent. for such undervaluation: Held, that it was not legally imposed under section 8 of the act of July 30th, 1846 (9 Stat. 43), because that act relates only to goods which have been actually purchased in a foreign market, and such qualification is not rescinded or modified by section 1 of the act of March 3d, 1851 (9 Stat. 629).

3. Held, also, that such additional duty or penalty was not authorized by section 17 of the act of August 30th, 1842 (5 Stat. 564) or by section 13 of the act of March 1st, 1823 (3 Stat. 734), for the like reason, and also because the increased duty or penalty specified in each of those acts is 50 per cent., and the collector cannot exact a less or different one.

At law. This was an action [by George Christ and others] against [Hugh Maxwell]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the collector of the port of New York, to recover back an excess of duties, and a penalty paid on an invoice of woollens. The owners of the goods, who were the manufacturers of them, consigned an invoice of woollens to the plaintiffs for sale, on which duties and a penalty were exacted at the customhouse, July 17th, 1852, amounting to $4,712.-10. This action was brought to recover back $530.60 of that sum, with interest, composed of these particulars: The invoice value was advanced $414 by the appraisers, and a duty of 30 per cent. was exacted thereon, viz., $124.20; additional duty or penalty of 20 per cent. on $2,007, $401.40; fee paid merchant appraiser, $5; being a total of $530.60. The entry was made by the plaintiffs on the 28th of June, 1852. The invoice price was raised 25 per cent. by the appraisers. On the 16th of July, the plaintiffs notified the defendant, in writing, of their dissatisfaction therewith, and on the same day made a protest in writing, setting forth, among other things, that the collector had failed to order a reappraisement, as required by law. On the 12th of July, the oath prescribed by the treasury instructions was administered by one of the principal appraisers to a merchant, and, on the 13th, the merchant, in conjunction with the general appraiser, proceeded, as they stated in their return, to act upon the appeal of the plaintiffs, and reappraise the goods, pursuant to the act of congress of March 3d, 1851 (9 Stat. 629). The duty and penalty sued for were paid on this reappraisement. On the argument, the plaintiffs took fourteen exceptions to the regularity and legality of the proceedings in the custom-house.

Before NELSON, Circuit Justice, and BETTS, District Judge.

THE COURT held: 1. That the plaintiffs could not maintain an action to recover back the $124.20 for duties charged on the enhanced valuation of the goods, on account of any irregularity either in selecting or qualifying the appraisers, or otherwise, because the protest, which objected "that the appraisals and reappraisals were not fairly, impartially, cr legally made, nor by persons unprejudiced and duly qualified to make them," did not, as required by the act of February 26th, 1845 (5 Stat. 727), set forth distinctly and specifically the grounds of objection to the regularity and legality of the appraisements made, or wherein the appraisers were prejudiced or not duly qualified.

2. That the collector had no authority to impose the additional duty of 20 per cent. on the importation, under section 8 of the act of July 30th, 1846 (9 Stat. 43), because that act related only to goods which had been actually purchased in a foreign market; and that section 1 of the act of March 3d, 1851 (9 Stat. 629), did not rescind or modify that qualification.

3. That the defendant was not authorized to affix the additional duty or penalty of 20

per cent. under the provisions of section 17 of the act of August 30th, 1842 (5 Stat. 564), nor under those of section 13 of the act of March 1st, 1823 (3 Stat. 734), for the like reason, and also because the increased duty or penalty specified in each of those acts was 50 per cent., and the collector could not exact a less or different one.

Judgment for the plaintiffs for $406.40, with interest.