## Case No. 14,878.

UNITED STATES v. COUSINERY et al.

[7 Ben. 251;[1] 19 Int. Rev. Rec. 125.]

District Court, S. D. New York. April, 1874.

CUSTOMS DUTIES—FINALITY OF COLLECTOR'S DE-
CISION—APPEAL TO SECRETARY—RECOVERY
OF DUTIES—CONSTITUTIONAL LAW.

1. C. & Co. imported. on two occasions, a quantity of olive oil, which they entered as "olive oil, not salad," and on which they paid the estimated duty of twenty-five cents a gallon, under the 5th. section of the act of July 14, 1862 (12 Stat. 548), and received the goods. Subsequently the appraiser returned the oil as being "olive oil, salad," and the collector then liquidated the duty at $1 a gallon, under the 11th section of the act of June 30, 1864 (13 Stat. 212). On one of the importations the importers protested against the rate of $1 a gallon, and appealed to the secretary of the treasury, who approved the decision of the collector. The United States brought suit against the importers to recover the difference between the estimated and the liquidated duty. On the trial evidence was received, under objection, to show that the oil was "olive oil, not salad," and the jury found that it was such. The defendants then moved for judgment on the verdict: *Held*, that under the 14th section of the act of June 30, 1864 (13 Stat. 214), the decision of the collector is final as to the amount of duty to be paid, in all cases except where there is an appeal to the secretary of the treasury, and suit brought to recover back the duty, as is provided in that section.

[Cited in U. S. v. Frazer, Case No. 15,161; Watt v. U. S.. Id. 17,292; Chase v. U. S., 9 Fed. 883; U. S. v. De Visser. 10 Fed. 660; U. S. v. Campbell, Id. 818, 819; U. S. v. Cobb, 11 Fed. 79. Disapproved in U. S. v. Schlesinger, 14 Fed. 682, 685. Cited in same case on appeal, 120 U. S. 113, 7 Sup. Ct. 445; U. S. v. Leng. 18 Fed. 21; U. S. v. McDowell. 21 Fed. 564; U. S. v. George, 44 Fed. 256.]

2. The words "decision of the collector," in that section, mean the ascertainment and liquidation of the duties in the usual manner by the proper officers.

3. The above construction is not contrary to the provision of the 5th amendment to the constitution.

4. Therefore, the evidence to show the character of the article, as not justifying the collector's decision, was wrongly received, and the defendants were not entitled to judgment upon the verdict.

[This was a suit by the United States against Firmin Cousinery and others to recover the difference between an estimated and a liquidated duty.]

T. Simons and E. H. Smith, for the United States.

J. H. Choate, for defendants.

BLATCHFORD, District Judge. This suit is brought to recover an alleged balance of duties on two importations of olive oil, in casks, made by the defendants in January and February, 1871, respectively. The oil was entered as "olive oil, not salad," and estimated duty was paid on it at the rate of 25 cents per gallon, under section 5 of the act of July 14, 1862 (12 Stat. 548). Subsequently the appraiser returned the oil as "olive oil, salad," and the collector then liquidated the duty at the rate of $1 per gallon. under section 11 of the act of June 30, 1864 (13 Stat. 212). The duty paid was $506 25. The duty as liquidated is $3,173. This suit is brought to recover the difference between those two sums. The goods passed into the possession of the defendants on the payment of the 25 cents per gallon duty, and before the liquidation. In the case of one of the two importations the defendants protested against the rate of duty at $1 per gallon, and appealed to the secretary of the treasury from the decision of the collector assessing duty at that rate, and the decision of the collector was affirmed by the secretary.

The case was tried before the court and a jury, and, on the trial, after the plaintiffs had made out a prima facie case entitling them to recover, the defendants offered evidence to show that the oil in question was olive oil, not salad, and so not liable to the duty of $1 per gallon. The plaintiffs objected to the admissibility, competency, and relevancy of the evidence, on the ground that, under the act of congress hereafter referred to, the liquidation by the collector was conclusive as to the right of the plaintiffs to recover in this suit the balance of duties claimed; but the court admitted the evidence. The jury, on the evidence, found a special verdict, that the goods in question were "olive oil, not salad." On this verdict, the defendants move that judgment be entered for them in the suit.

The principal question involved and discussed on the motion is as to the operation and effect of the 14th section of the act of June 30, 1864 (13 Stat. 214.) That section is as follows: "On the entry of any vessel, or of any goods, wares or merchandise, the decision of the collector of customs at the port of importation and entry, as to the rate and amount of duties to be paid on the tonnage of such vessel, or on such goods, wares or merchandise, and the dutiable costs and charges thereon, shall be final and conclusive against all persons interested therein, unless the master, commander or consignee of such vessel, in the case of duties levied on tonnage, or the owner, importer, consignee or agent of the merchandise, in the case of duties levied on goods, wares or merchandise, or the costs and charges thereon, shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, as well in cases of merchandise entered in bond as for consumption, give notice in writing to the collector, on each entry, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such ascertainment and liquidation, appeal therefrom to the secretary of

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

the treasury, whose decision on such appeal shall be final and conclusive; and such vessel, goods, wares or merchandise, or costs and charges, shall be liable to duty accordingly, any act of congress to the contrary notwithstanding, unless suit shall be brought within ninety days after the decision of the secretary of the treasury on such appeal, for any duties which shall have been paid before the date of such decision, on such vessel, or on such goods, wares or merchandise, or costs or charges, or within ninety days after the payment of duties paid after the decision of the secretary. And no suit shall be maintained in any court for the recovery of any duties alleged to have been erroneously or illegally exacted, until the decision of the secretary of the treasury shall have been first had on such appeal, unless said decision of the secretary shall be delayed more than ninety days from the date of such appeal, in case of an entry at any port east of the Rocky Mountains, or more than five months in case of entry west of those mountains." It is contended, for the defendants, that this section has relation only to duties which have been paid; that its sole object is to regulate suits to recover back such duties after they have been paid; that it has no application to a suit by the United States to recover unpaid duties; and that it is to be read as if all it said was, that, in case the notice of dissatisfaction is given, and the appeal is taken, and the duties are paid, and the suit is brought, within the time limited, to recover them back, then the decision of the collector and the decision on appeal shall not be final and conclusive, so as to prevent an inquiry, in such suit, into what was the proper rate and amount of duties. But this view ignores the actual structure of the section and the plain meaning of its language. It enacts that the decision of the collector shall be final and conclusive against all persons interested therein, unless the notice of dissatisfaction is given and the appeal is taken. If the notice is not given, or if, the notice being given, the appeal is not taken, then the decision of the collector is final and conclusive. If the notice is given and the appeal is taken, the decision of the secretary is final and conclusive. This finality and conclusiveness are such against all persons interested in the goods. The section then goes on to say what is meant by being "final and conclusive," by saying, that the goods shall be "liable to duty accordingly, any act of congress to the contrary notwithstanding"— that is, shall be liable to duty in accordance with the decision of the collector, or, in case of an appeal, in accordance with the decision of the secretary, any act of congress to the contrary notwithstanding, unless suit shall be brought, within the limited times specified, to recover back what shall be paid as duties. This means, that the decision is made the test and standard for the payment of the duties to the government, even if there be an act of congress which appears to prescribe something different from the decision, and that the duties must be paid according to the decision, subject to the proviso, that, if a suit is brought, as permitted, to recover back duties so paid, then such decision is not final or conclusive for the purposes of that suit, but the court which tries such suit may inquire whether, in point of fact, the decision was correct, and whether the duties paid were the proper duties. This entirely excludes from consideration in a suit brought by the United States to enforce payment of the duties, all questions as to whether the decision of the collector or that of the secretary was correct, or as to what duties ought, in the absence of such decision, to have been exacted, and confines the question to be determined in such suit solely to the one, whether the duties claimed to be recovered are those decided by the collector, or by the secretary, on appeal, to be the proper duties. This court, in such a suit, is, therefore, inhibited from inquiring as to what the collector or the secretary ought to have decided, or from reviewing the decision of either officer. That power is reserved for the court in which a suit may be brought against the collector, to recover back the duties, after they shall have been paid.

These provisions of law maintain and enforce a policy which is found to prevail in the enactments of congress in regard to raising revenue. The policy is, that the collection of the revenue shall be enforced through summary provisions, and shall not await the slow processes of litigation as to rates and amounts of taxes and duties. A rate is prescribed, an officer is appointed to determine the proper amount, and then that amount must be paid, leaving open a brief time for an appeal. Suits to stay the collection of taxes and duties are not permitted. The very existence of the government depends on its receiving its revenue. It collects it, and the aggrieved party is left to a suit to recover back any improper exaction.

The decision of the supreme court in the case of Westray v. U. S., 18 Wall. [85 U. S.] 322, is entirely inconsistent with the view that the 14th section of the act of 1864, as to the conclusiveness of the decision of the collector or of the secretary, does not apply to suits brought by the United States. In that case, a suit was brought by the United States on a bond given on the entry of goods for warehousing. One condition of the bond was, that the obligors should pay to the collector the amount of duties to be ascertained, due and owing on the goods in question. The suit was brought to recover the amount of duties unpaid on the goods, as ascertained and liquidated by the collector. The defendants, at the trial, offered evidence to show that the goods were subject to less duty than that which had been ascertained and liquidated by the collector. The court

refused to receive the evidence. The supreme court, on the ground that no appeal had been taken from the decision of the collector, held, that, under the 14th section of the act of 1864, the decision of the collector was final and conclusive for the purposes of that suit, and that it was proper to refuse to receive the evidence offered. Whether the suit is brought on a bond conditioned to pay the amount of duties to be ascertained, or is brought to recover the amount of duties as ascertained, can make no difference on the point now under consideration. The evidence offered by the defendants in the present case, and on which the jury found the special verdict, ought not to have been admitted, as the objection to its admission, taken by the plaintiffs, was a valid one.

It is contended, for the defendants, that there was no decision of the collector made in this case, within the meaning of the statute. The evidence at the trial showed that everything was done in this case in respect to the ascertainment and liquidation of the duties by the proper officers of the customs, which is ever done in any case, to perfect and indicate and record such ascertainment and liquidation. The usage and practice of the collector's office was shown, to which the proceedings in this case conformed. The 14th section of the act of 1864 uses the phrase "decision of the collector of customs," and the phrase "ascertainment and liquidation of the duties by the proper officers of the customs," as synonymous phrases. The decision of the collector is declared to be conclusive, unless the party, if dissatisfied with his decision, gives notice thereof "within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs," and also, "within thirty days after the date of such ascertainment and liquidation," appeals "therefrom" to the secretary of the treasury. Such ascertainment and liquidation of the duties by the proper officers of the customs, that is, the proper officers in the collector's office or department, is the decision of the collector. An appeal from such ascertainment and liquidation is an appeal from the decision of the collector, and an appeal from the decision of the collector is an appeal from such ascertainment and liquidation. Congress must be assumed to have been legislating in reference to a well understood course of business, conducted under the revenue laws, when it speaks of "the ascertainment and liquidation of the duties by the proper officers of the customs," and to have intended that, when the duties were ascertained and liquidated in the usual manner by such officers, and the usual indicia thereof by checks and stamps were placed on the usual papers in the collector's office, such transaction was the decision of the collector of customs in the premises. See Act March 2, 1799, §§ 21, 49 (1 Stat. 642, 664).

The objection is taken, that, if the statute is capable of the construction above given to it, it violates the provision of the 5th amendment to the constitution of the United States, which declares that no person shall be deprived of property without due process of law. The view taken is, that, as the article in question is found by the special verdict to have been "olive oil, not salad," the amount sought to be recovered in this suit is not for duties imposed by law, but is for an unlawful charge imposed by the collector. The answer to this view is, that the amount fixed by the collector is, by the statute, made the duty, for the purpose of collecting it as duty.

The motion for judgment on the part of the defendants is denied.