## Case No. 17,292.

WATT v. UNITED STATES.

[15 Blatchf. 29.] 1

Circuit Court, S. D. New York.   July 1, 1878.

CUSTOMS DUTIES—SUIT TO RECOVER—DECISION OF COLLECTOR—APPEAL.

1. Under section 14 of the act of June 30, 1864 (13 Stat. 214), now section 2931 of the Revised Statutes, respecting the decision of a collector of customs as to the rate and amount of duties on imported goods. the appeal to the secretary of the treasury. there provided for. to be available for the purposes of a review of the decision of the collector. must be taken after such an ascertainment and liquidation of the du-

---

1 [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

ties as would be final and conclusive if no appeal should be taken.

[Cited in U. S. v. Phelps. Case No. 16,039; Chase v. U. S., 9 Fed. 883; U. S. v. Campbell, 10 Fed. 818; U. S. v. Earnshaw. 12 Fed. 286; U. S. v. Leng. 18 Fed. 21; U. S. v. M'Dowell, 21 Fed. 564.]

2. In a suit by the United States to recover duties as liquidated, proof of an appeal before the liquidation cannot affect the operation of the liquidation, nor can proof of a protest. unless followed by an appeal taken after the liquidation.

[Cited in U. S. v. Campbell, 10 Fed. 819; U. S. v. Cobb. 11 Fed. 79; U. S. v. Schlesinger, 14 Fed. 685; same case on appeal. 120 U. S. 113, 7 Sup. Ct. 445; U. S. v. Earnshaw, 45 Fed. 783.]

3. A judgment will not be reversed for a refusal to admit evidence offered, unless it appears affirmatively, that. if admitted, it would tend to prove a material fact in the cause.

4. Under the above statute. the decision of the collector is final and conclusive against all persons interested. upon the questions necessarily decided, and, in a suit for the duties, it is not necessary for the United States to show that the collector adopted the proper rate and amount of duties, nor can the defendant impeach the liquidation by showing irregularities in the mode of appraisement.

[Cited in Davies v. Miller, 130 U. S. 290, 9 Sup. Ct. 562.]

5. The case of U. S. v. Cousinery [Case No. 14,878], approved, and the case of Clinkenbeard v. U. S., 21 Wall. [88 U. S.] 65, explained and distinguished.

[Error to the district court of the United States for the Southern district of New York.

[This was an action by the United States against James S. Watt to recover certain duties on imported goods. The judgment in the district court was rendered in favor of the plaintiffs (case unreported), and the defendant brought error.]

Edward Hartley, for plaintiff in error.

Stewart L. Woodford, U. S. Dist. Atty.

WAITE, Circuit Justice. This was an action brought to recover a balance due the United States for duties ascertained and liquidated, March 23d, 1876, by the collector of customs in New York, upon a quantity of granite imported November 12th, 1872. The United States, in support of the action, showed that the property, upon its importation, was entered at the custom house as granite; that the customs appraisers found and returned it to be "wrought granite;" that the entered value was $1,907.07, upon which a duty, at the rate of 20 per centum ad valorem, was assessed by the collector and paid by the importer upon entry; that three appraisements had been made—the first by the regular appraisers, and endorsed on the invoice; the second, dated December 20th, 1872, by the general appraiser and a merchant appraiser. to which was appended the oath of the merchant appraiser. also dated December 20th, 1872, to inspect and appraise the goods; and the third by the same appraisers, dated March 27th, 1874, but not accompanied

by any oath of the merchant appraiser; that, by the last appraisement, the property was valued at $2,152, which was $205, and more than ten per cent., in excess of the entered value; and that, upon this appraisement, the collector liquidated the entry by charging 20 per cent. ad valorem upon the excess of $205, and a penal duty of twenty per cent. upon the entire appraised value, making a total of $471.40. For this amount a judgment was asked.

The defendant then offered to show, by evidence, that he had protested twice, to wit, November 13th, 1872, and September 27th, 1873, against the collector's decision as to the rate and amount of duties to be charged; that he had duly, and more than ninety days before the commencement of this action, appealed thereon to the secretary of the treasury; and that, among other specific objections, set up in said protests and appeals, was one that the goods were granite and were monumental stone, and so specifically dutiable by law at $1.50 per ton, at the time of the importation. He also offered to prove that an action duly brought, to recover the excess between the rate of $1.50 per ton and the rate of 20 per cent. ad valorem, collected on the entry, to wit, $365.25, was still pending in this court. To the introduction of this testimony the United States objected and the objection was sustained. The defendant then "offered to show, by testimony, that no decision had ever been made by the secretary of the treasury upon a specific protest and appeal, duly taken by him on said entry, wherein he claimed that, the duty on the goods being by law at a specific rate, viz., $1.50 per ton, the value was immaterial for duty purposes, and, consequently, the penal duty could not apply." To the introduction of this evidence a like objection was made and sustained. The defendant then "offered testimony tending to show that there was no actual inspection of the goods in controversy by the appraising officers in connection with their aforesaid appraisements, and that due protest and appeal in this respect had been made by him." This testimony was also ruled out, upon like objection.

The evidence being closed, the court instructed the jury that, as the material facts proved by the United States were undisputed, they should bring in a verdict in favor of the plaintiffs for the amount claimed, with interest, which was accordingly done and a judgment regularly entered. Exceptions were in due time taken to each of the rulings of the court, and the case is here for review, upon assignments of error presenting for consideration each of the questions decided below.

By section 14 of the act of June 30, 1864 (13 Stat. 214), re-enacted in section 2931 of the Revised Statutes, it is provided, that the decision of the collector of customs, as to the rate and amount of duties to be paid on goods, wares and merchandise imported, and the dutiable costs and charges thereon, shall be final and conclusive against all persons interested therein, unless the owner, &c., shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, give notice in writing to the collector, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such ascertainment and liquidation, appeal therefrom to the secretary of the treasury, whose decision on such appeal shall be final and conclusive; and such goods, &c., shall be liable to duty accordingly, unless suit shall be brought, within ninety days after the decision of the secretary of the treasury on such appeal, for any duties which shall have been paid, before the date of such decision, upon such goods, &c., or within ninety days after a payment made after the decision. No such suit can be maintained at all before the decision of the secretary, unless the decision is delayed for more than ninety days, in case of an entry at a port east of the Rocky Mountains, or more than five months, in case of an entry west of those mountains.

The appeal to the secretary of the treasury, provided for in this statute, to be available for the purposes of a review of the decision of the collector, must be taken after such an "ascertainment and liquidation" of the duties as would be final and conclusive if no appeal should be taken. The secretary cannot be called upon until after the final disposition of the matter by the collector. He is not required to act upon the rulings of that officer from time to time, as they are made, while "ascertaining and liquidating," but only after the work of the collector has been fully completed.

In the present case, the final liquidation was not perfected until March 23d, 1876. Proof of appeals before that time, therefore, was inadmissible, as they would be premature and could not, of themselves, affect the operation of the liquidation upon which the suit was brought.

A protest, or notice of dissatisfaction to the collector, is of no avail unless followed by a valid appeal. Consequently, proof of protests, without an appeal after the liquidation, was inadmissible.

As to the protest and appeal embraced in the second offer, it is sufficient to say, there is nothing to show that the appeal which remained undecided was taken after March 23d, 1876. If it was not, the testimony was properly excluded. If it was, the offer should have included that statement. A judgment will not be reversed for a refusal of the court to admit evidence offered, unless it appears affirmatively, that, if admitted, it would tend to prove a material fact in the cause. It is not enough that the evidence offered might have related to an appeal taken after the liquidation. Before the court can be charged

with error in excluding it, the record should show affirmatively that it did have that relation. Such is not the case here.

This brings up for consideration the only remaining questions, which are, whether the United States were bound, in this action, to go behind the liquidation by the collector, and show that the rate and amount of duties were such as the law required the defendant. to pay, or whether, if the liquidation was sufficient to make a prima facie case for the government, the defendant could impeach it by showing that the appraisers failed to perform their duty when appraising the goods. The language of the statute is clear and explicit, to the effect, that the decision of the collector shall be final and conclusive against all persons interested, as to the rate and amount of duties to be paid, unless the appeal is taken. No room is left for construction. The provision is not that no suit shall be maintained to recover back money paid under the decision, until the appeal is taken and acted upon, or the specified time for such action has elapsed, but that the decision itself shall be final and conclusive against all persons interested, upon the questions necessarily decided. This subject was so fully and ably discussed by the learned circuit judge of this circuit, while he was the district judge for this district, in the case of U. S. v. Cousinery [Case No. 14,878], that it would be a useless task to endeavor to elaborate it further. It is contended, however, that the supreme court, in Clinkenbeard v. U. S., 21 Wall. [88 U. S.] 65, has, in effect, overruled Cousinery's Case. I do not so understand it. That was an action upon a distiller's bond, to recover a capacity tax assessed for an entire month, under the internal revenue law, and it was decided that evidence was admissible to show, by way of defence, that, through an omission on the part of the government, the distiller was prevented from operating the distillery for the first four days for which this tax was assessed, and that the distillery was inactive four days more from an accident, and in charge of government officers, as provided by law in such cases. But, under the internal revenue law, there is no provision making the assessment of such a tax by the commissioner final and conclusive. No suit can be maintained to recover back money paid upon taxes erroneously or illegally assessed or collected, until after an appeal to the commissioner of internal revenue, and his decision thereon, unless the decision is delayed more than six months from the date of the appeal (Act July 13, 1866, § 19; 14 Stat. 152, now section 3226, Rev. St.); but there is nothing which makes the assessment conclusive as to the amount due, except for the purposes of collection in the summary way provided by the statute. There is, therefore, a marked difference between the customs revenue laws and the internal revenue laws, in this particular, and it may well be held,

that, in an action for the recovery of customs duties, the liquidation of the collector is conclusive, while in an action to recover a capacity tax assessed against a distillery, under the internal revenue laws, the determination of the commissioner whose duty it is to make the assessment, is not. Certainly, the last of these propositions is all that was decided in Clinkenbeard's Case.

Judgment affirmed.