## Case No. 15,160.

UNITED STATES v. The FRANKLIN.

[Reported sub nom. The Orono, Case No. 10,585.]

## Case No. 15,161.

UNITED STATES v. FRAZER.

[10 Ben. 347.] [1]

District Court, S. D. New York. March. 1879.

CUSTOMS DUTIES — RELIQUIDATION — LIMITATION.

1. After the collector has liquidated the duty on imported goods, and the duty has been paid and the goods delivered to the importer, no part of the same nor any samples being retained by the collector, he has no power to make a reliquidation upon a subsequent report of an appraiser who never saw the goods.

[Cited in U. S. v. McDowell, 21 Fed. 564; U. S. v. Doherty, 27 Fed. 733.]

2. The year, within which, under Act 1874, c. 391, § 21 [18 Stat. 190], the collector can reliquidate the duty, runs from the time of the presentation to the collector of the "entry" by the importer, and not from the time of the first liquidation of the duty.

At law.

S. L. Woodford, U. S. Dist. Atty., and J. D. Jones, Asst. U. S. Dist. Atty.

Nash & Holt, for defendant.

CHOATE, District Judge. These were two actions to recover balances of duties alleged

[2] [From 3 N. B. R. 175 (Quarto).]
[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

to be due upon goods imported by the defendant [James Frazer] by virtue of an alleged reliquidation of the duties by the collector. The collector having, upon the report of the appraiser, liquidated the duty, the goods were delivered to the defendant and the duty thus ascertained was paid, not even samples of the goods remaining in the possession of the collector. Afterwards another appraiser, who had never seen the goods nor samples of them, made another report, classifying the goods differently, whereby, if the new classification was correct, they would be subject to a higher rate of duty, and thereupon the collector made what is claimed to be a reliquidation of the duty, and on this reliquidation the suits are brought. In one of the cases this attempted reliquidation was more than one year after the entry of the goods, but less than a year after the first liquidation.

The plaintiffs now move for a new trial, on the ground of a misdirection in matter of law, verdicts having been ordered for the defendant.

Upon a careful review of the briefs of counsel and of the cases cited, I adhere to the opinion expressed upon the trial, that there is no power in the collector after the goods are delivered to the importer, and neither the goods nor any part of them, nor samples, are accessible for examination for the purpose of appraisement or classification, to reliquidate the duty upon the report of an appraiser who never examined the goods. I think the cases of Westray v. U. S., 18 Wall. [85 U. S.] 322; U. S. v. Cousinery [Case No. 14,878]; Iasigi v. The Collector, 1 Wall. [68 U. S.] 375; Watt v. U. S. [Case No. 17,292],—do not sustain the proposition of the learned district attorney that the collector has any such power. Acts 1874, c. 391, § 21 (18 Stat. 190), and 1875, c. 136, § 1 (18 Stat. 469), appear to recognize some authority on the part of the collector to correct mistakes in the liquidation of duties, but neither statute nor decision of any court is cited which extends that authority to a case like the present, and the exercise of such a power might introduce into the customs revenue system intolerable abuses, and would be in itself most unreasonable.

Whatever power of reliquidation the collector has, it seems to me that the year within which the exercise of this authority is limited begins to run, not from the first liquidation, but from the date of the presentation to the collector by the importer of the "entry." The words "one year from the time of entry," in Act 1874, c. 391, § 21, cannot, in my judgment, be construed, either from reference to other parts of the act or otherwise, as "one year from the time of liquidation." The language of the section shows clearly that the distinction between these two points of time was present to the minds of the legislators who framed this law, and the words used are too plain to call for construction by reference to extraneous considerations. Motions for new trial denied.