## CHASE and others *v.* UNITED STATES.

*(Circuit Court, D. Massachusetts. January 31, 1882.)*

1. DUTIES ON IMPORTS.

    The facts that imported goods were subject to a lower rate of duty than that charged upon them, and that the action of the principal appraiser was irregular, because he did not see the goods, cannot be set up by the importer in an action to recover the difference between the amount paid and that of the final liquidation, where he was notified by the collector of the liquidation of the entries at the higher rate, and did not take an appeal to the secretary of the treasury.

At Law.

*C. L. Woodbury* and *J. P. Tucker,* for defendants, (plaintiffs in error.)

*Prentiss Cummings,* for plaintiffs, (defendants in error.)

LOWELL, C. J.    This action was brought to recover duties alleged to be due upon six importations of jute, made by the defendants, into the port of Boston in 1870.    The facts in respect to all the importations were substantially alike.    The defendants made due entry of the goods, classifying them as manufactures of jute, and the appraiser certified to the correctness of the classification, and the duties, as estimated, were fully paid, and the goods were withdrawn and sold. Some months afterwards the principal appraiser, Mr. Webster, reported that the goods in question, known as "D. W. Bagging," that is, double-warp bagging,—were suitable for the uses to which cotton bagging is applied, and that they were dutiable at a higher rate than that at which they had been assessed in the estimate.    Mr. Webster did not see the goods.    The collector thereupon liquidated the entries at the higher rate, of which the defendants were notified; but they did not appeal to the secretary of the treasury.    This action is brought to recover the difference between the amount paid and that of the final liquidation.

It was admitted, for the purposes of the argument, if the facts themselves were competent, that the bagging was in law subject to the lower rate of duty; and that the action of the principal appraiser was irregular because he did not see the goods.    But the district judge ruled that the defendants could not set up these facts, because they had neglected to appeal to the secretary.    He relied on section 14, St. June 30, 1864, (13 St. 214,) as construed in *Westray* v. *U. S.* 18 Wall. 322; *U. S.* v. *Cousinery,* 7 Ben. 251; *Watt* v. *U. S.* 15 Blatchf. 29; *U. S.* v. *Phelps,* 17 Blatchf. 312.    In this last case, Judge Blatchford said that the three preceding authorities had established the law for the circuit courts, and I agree with him.    If *Westray* v. *U. S.* does not mean what Chief Justice Waite and Judge Blatchford understand it to mean, we must rely on the supreme court to set us right.

Judgment affirmed.