## UNITED STATES *v.* EARNSHAW.

*(District Court, S. D. New York.* May 23, 1882.)

1. CUSTOMS DUTIES—APPRAISEMENT—PROTEST—REVIEW.

Where the collector has acquired jurisdiction of the subject-matter of the assessment of duties through the importation of goods that are liable to duty, any irregularities in the appraisement and liquidation must be first reviewed by protest and appeal, pursuant to section 2931, or they cannot be raised in a collateral suit.

2. SAME—REAPPRAISEMENT.

In a suit by the government to recover an alleged balance of duties from an importer, where the answer alleged the demand of reappraisement, and that the collector appointed to act on the reappraisement a person who was not a " discreet and experienced merchant," was a personal enemy of the defendant, and not competent to act impartially; that the collector was notified of defendant's objections, who refused to remove such person; the reappraisement was thereafter made by him with the general appraiser; but the answer contained no averment of any protest or appeal from the liquidation based on such reappraisement: *held,* on demurrer, that the collector had jurisdiction of the proceedings; that the irregularities alleged were, at most, errors in the proceeding, reviewable by the secretary of the treasury on protest and appeal; and that the answer was insufficient for want of any averment thereof.

Demurrer to Answer.

*Stewart L. Woodford* and *Wm. C. Wallace,* for plaintiff.

*Bliss & Schley,* for defendant.

BROWN, D. J. This is an action to recover an alleged balance of duties due on four importations of goods by the defendant. The estimated duties were paid at the time of the entry, and the goods were delivered to the defendant. On a subsequent appraisement the duties were liquidated at a larger amount, and this suit is brought to recover the difference.

The answer states that the defendant, being dissatisfied with the appraisement, forthwith gave notice to the collector in writing of such dissatisfaction, pursuant to section 2930 of the Revised Statutes;

that the collector neglected his duty to appoint a "discreet and experienced merchant," as required by said section, and selected one W. D. M. to be associated with the general appraiser to examine and appraise said goods; that the said W. D. M. was not "a discreet and experienced merchant," within the meaning of the said statute; that he was a personal enemy of the defendant, had threatened to break up his business, sought to injure him, and was not competent to act fairly and impartially, of which the plaintiff was notified; that he was at the time in the plaintiff's employ, and had given information against the defendant; that the treasury regulations require the names of the appraisers appointed to be withheld until they assemble for the performance of their duties, and that the defendant had no previous knowledge of this selection; that the defendant had previously objected to the appointment of this person as merchant appraiser; that he was directed by the secretary of the treasury to make known his objections as soon as he should be informed of such appointment; and that he did give the collector such notice of his objections in writing as soon as so informed, and requested the appointment of some other merchant, which was refused; that the appraisement was made by W. D. M. and the general appraiser after such objections, and that such appraisement was not in accordance with law and was void, and was not made by persons authorized or competent by law to make the same; that the assessment and liquidation of duties based thereon were erroneous and void; and that the legal duties had been paid in full.

To the several counts in the complaint the same answer is made.

The plaintiff demurs to the answer as insufficient in law.

By section 2931, Revised Statutes, it is provided that upon any entry of any merchandise the decision of the collector as to the rate and amount of duties shall be final and conclusive against all persons interested therein, unless within 10 days after the ascertainment and liquidation of the duties notice in writing be given to the collector, setting forth distinctly and specifically the grounds of objection, and within 30 days appeal to the secretary of the treasury.

The answer does not allege any such protest or appeal by the importer after the final liquidation of the duties in this case. It is claimed, upon the facts pleaded, that the person selected as merchant appraiser was not in law a competent person to serve upon the reappraisement; that this reappraisement was, therefore, null and void, and that the subsequent liquidation of the duties was without jurisdiction and void. It is admitted that no suit against the United

States could be maintained to recover back duties once paid except upon due protest and appeal, as required by section 2931, such being the express provision of that section. But it is urged that in a suit by the government to enforce the collection of duties, a lawful and valid liquidation must be proved as a condition precedent to recovery.

In the case of *Clinkenbeard* v. *U. S.* 21 Wall. 65, the court say: "It is undoubtedly true that the decisions of an assessor, or board of assessors, like those of all other administrative commissioners, are of a *quasi* judicial character, and cannot be questioned collaterally when made within the scope of their jurisdiction. But if they assess persons, property, or operations not taxable, such assessment is illegal, and cannot form the basis of an action at law for the collection of the tax. \* \* \* When the government elects to resort to the aid of the courts it must abide by the legality of the tax." If the liquidation of the duties in this case had been made without the scope of the jurisdiction of the collector, no action for the recovery of the duties assessed could be sustained; and no protest or appeal would have been essential to the defence; as, for instance, upon an alleged liquidation of duties upon goods which had never been imported at all.

The averments in the answer do not show a case beyond the scope of the collector's jurisdiction, but obviously a case within it. All of the objections referred to in the answer pertain to the manner in which the duties of the collector were performed in the exercise of his unquestioned jurisdiction in the appointment of the merchant appraiser upon the reappraisement demanded, his refusal to rescind the appointment after objection made, and the subsequent appraisement and liquidation. These, it seems to me, amount at most to errors, if errors they were, in the various steps preceding the final liquidation of the duties. Whether the merchant appraiser was, as required by the statute, "a discreet and experienced merchant," or whether any of the other objections made were true in fact, or, if so, were sufficient in law to disqualify the merchant appraiser, were questions which were necessarily to be passed upon by the collector, in the first instance, (*U. S.* v. *Arredondo*, 6 Pet. 729,) like any other question of fact which is by law made subject to his decision in the course of the proceedings. The statute which makes the assessment and liquidation of duties final and conclusive, unless specially excepted to by protest and appeal in the manner specified, includes, in my judgment, all the preliminary steps which arise within the collector's

lawful jurisdiction to determine, and upon which the ultimate liquidation rests. Any error in these preliminary steps will be brought up for review by such protest and appeal, (except as to the valuation itself, which is not reviewable,) and, if not thus excepted to, cannot be inquired into or corrected in any collateral proceeding. Where the amount of duties to be assessed has been dependent upon the question of fact whether the goods were of one kind or another, or whether they were free goods or not free goods, it has been repeatedly held that the liquidation made, if not appealed from, is final and conclusive upon the importer and his sureties in a suit brought by the government to enforce payment of the duties as liquidated. (*Westray* v. *U. S.* 18 Wall. 322; *U. S.* v. *Cousinery*, 7 Ben. 251; *Watt* v. *U. S.* 15 Blatchf. 29; *U. S.* v. *Phelps*, 17 Blatchf. 312; *U. S.* v. *Bradley*, 25 Int. Rev. Rec. 75;) and, in my judgment, the principle of those cases applies equally to the present case, inasmuch as the objections here alleged were equally within the jurisdiction of the collector to determine, and it must be presumed that he duly considered and passed upon them.

In the case of the *U. S.* v. *Chase*, 23 Int. Rev. Rec. 161, (affirmed on appeal, 9 FED. REP. 882,) it was held that the provision making the collector's decision final unless appealed from was intended to apply to irregularities in the mode of procedure by the appraisers, as well as to errors of judgment.

An appeal to the secretary of the treasury upon the objections alleged in the answer would not be an empty form, as claimed by the defendant, on the ground that the secretary would have no power to consider them. These objections do not pertain simply to the amount at which the goods were appraised, but to the competency and propriety of the merchant appraiser selected to act; and whether there has been any appraisement by such a tribunal as the law designs to afford to the importer upon his claim to a reappraisement, (*Tappan* v. *U. S.* 2 Mas. 393, 405–6;) and upon this question the secretary of the treasury, upon appeal, would have full power to review and correct any erroneous decision of the collector. Under section 2931, therefore, I think due protest and appeal to the secretary of the treasury must be first resorted to before these objections can be raised in a collateral suit. Should the objections be overruled, any legal exceptions specifically taken, affecting the competency and power of the board of appraisers to act in making a reappraisement, could be heard in a suit to enforce payment of an alleged deficiency based on such reappraisement, in like manner as similar exceptions are heard in a

suit to recover back an excess of duties illegally exacted. *U. S.* v. *Arredondo,* 6 Pet. 729; *Belcher* v. *Linn,* 24 How. 508, 522; *Bartlett* v. *Kane,* 16 How. 263, 272; *Christ* v. *Maxwell,* 3 Blatchf. 129; *Iasigi* v. *The Collector,* 1 Wall. 375; *Stewart* v. *Merritt,* 2 FED. REP. 531, 533.

The demurrer should, therefore, be sustained, and judgment ordered for the plaintiff, unless the defendant, within 20 days, amend his answer, which he has leave to do upon payment of the costs of the demurrer.