## UNITED STATES *v.* McDOWELL.

*(District Court, S. D. New York. August 25, 1884.)*

1. CUSTOMS DUTIES—APPRAISEMENT AND LIQUIDATION CONCLUSIVE—DEMURRER—REV. ST. §§ 2929, 2930, 2931.

   The appraisement and liquidation of duties by the appraiser and collector are binding and conclusive in all collateral proceedings, and, in the absence of any reliquidation or reappraisement, cannot be disregarded or reviewed, except in the modes provided by sections 2929, 2930, and 2931 of the Revised Statutes. A suit in the district court is not one of those modes. *Held,* accordingly, on demurrer, that, after payment of the duties as liquidated, a suit for duties alleged to be due in excess of the liquidation, on account of an alleged untrue discount, fraudulently procured to be allowed in the appraisement of value, could not be sustained.

2. SAME—ACTION BY UNITED STATES.

   The above rule, frequently applied in this court as against importers, must be equally applied in suits brought here by the United States.

3. SAME—REAPPRAISEMENT.

   A reappraisement of value may be made without a re-examination of the goods themselves, where the items to be corrected, such as an alleged false discount in the invoice, do not depend on any inspection of the goods.

Demurrer to Complaint.

*John Proctor Clark,* Asst. Dist. Atty., for plaintiff.

*Arnoux, Ritch & Woodford* and *Wm. C. Wallace,* for defendant.

BROWN, J. This suit is brought to recover additional duties claimed to be due to the United States upon certain imported goods. The complaint charges that in the invoice and entry the importer falsely and fraudulently represented that a certain discount had been allowed upon the goods; whereas, in fact, no such discount had been made upon the invoice value. In the liquidation the alleged discount was allowed. In effect, this suit is for the purpose of recovering the duty on the amount of the discount alleged to have been improperly allowed in the liquidation. The defendant has demurred upon the ground that no cause of action is stated, inasmuch as there has been no reliquidation, and the duties, as it appears, have been paid in full, according to the only liquidation ever made.

Whether a discount should or should not be allowed, is a question belonging to the dutiable value of the goods. It has long been the uniform practice of this court to refuse to entertain any question concerning the dutiable value of imported goods, on the ground that it is for the general appraiser, the merchant appraisers, or the collector, as the case may be, as the tribunal specially established by law for that purpose, to pass finally and conclusively on all questions of value, for the purpose of the assessment of duties.

The statutes (sections 2930, 2931) making the appraisal of value and the liquidation by the collector "final," are as binding and conclusive upon the United States as upon the importer, except only that the government may, in certain cases, reappraise the goods and reliquidate the duties. The duties, when once fixed by a lawful appraisement and liquidation, become the duties and the only duties to which the goods are subject, until the amount as thus fixed is modified by some subsequent lawful appraisement and liquidation, or is lawfully brought in review by due protest, appeal, or suit in the circuit court according to section 2931. The statute itself declares that the goods "shall be liable to duty accordingly," *i. e.*, as liquidated, and not otherwise. *Iasigi* v. *The Collector*, 1 Wall. 375, 383; *U. S.* v. *Cousinery*, 7 Ben. 255; *Watt* v. *U. S.* 15 Blatchf. 29; *Stairs* v. *Peaslee*, 18 How. 527; *Bartlett* v. *Kane*, 16 How. 263, 272; *U. S.* v. *Campbell*, 10 FED. REP. 818; *U. S.* v. *Earnshaw*, 12 FED. REP. 283, 286.

The conclusive character of such appraisements and liquidations rests not only upon the fact that the statute declares them "final," but also upon the additional general principle that the decision of special tribunals established by law for the determination of particular questions, when regularly made, are conclusive, and cannot be questioned or set aside collaterally, except in some mode specially provided by law. *Belcher* v. *Linn*, 24 How. 522; *Bartlett* v. *Kane*, 16 How. 263; *Clinkenbeard* v. *U. S.* 21 Wall. 65; *U. S.* v. *Arredondo*, 6 Pet. 729; *Rankin* v. *Hoyt*, 4 How. 335; *U. S.* v. *Campbell*, 10 FED. REP. 816, 818, 819; *U. S.* v. *Leng*, 18 FED. REP. 20, 22.

The present suit violates this general principle. It seeks to recover duties which have never been liquidated, and to review and set aside the only liquidation and appraisement ever made, by means of a suit in this court, which is not one of the instrumentalities provided by law for such purposes.

It is urged that where the goods have passed into consumption and cannot be brought anew before the appraiser, no subsequent appraisement or reliquidation of the duties can be had; and that, consequently, the government is without remedy other than by suit such as this. If that be so, it is for congress to supply the remedy. The case of *U. S.* v. *Frazer*, 10 Ben. 347, cited in support of this view, does not appear to have been a case of fraud, and the appraiser who reappraised the goods in that case had never seen the goods at all.

Without questioning the soundness of that case, as a general rule, it should not be applied where, as in the present case, the reasons for it do not exist, viz., where no further examination of the goods would be necessary in order to determine their dutiable value, and whether the alleged discount should be allowed or not, or for a proper re-liquidation of the duties as dependent upon this discount. The language of the court in the case of Frazer is carefully guarded, and it is not necessary to determine whether that case should be applied where the importer has fraudulently entered the goods and removed them beyond reach before the fraud is discovered, and when the government officers still have other clear and certain means of determining the value of the goods. · In the case of *Iasigi* v. *The Collector*, 1 Wall. 375, 383, while it was held that the appraisement and liquidation made by the officers were conclusive, so far as respects all collateral proceedings, it was further held that there might be a reappraisement by the officers themselves within a reasonable period. The collector is, by section 2929, expressly authorized to direct reappraisements, and to "cause the duties to be charged accordingly." As no further inspection of the goods in the present case is requisite in order to determine whether the alleged discount should be allowed or disallowed, there is nothing here to prevent such a reappraisement, if directed by the collector, and a reliquidation of duties accordingly.

The rule uniformly applied in this court, holding the appraisement and liquidation or reliquidation final in all such cases except on appeal or suit pursuant to section 2931, must be adhered to. Any other rule would transfer to this court the whole subject of the dutiable value of imported goods, and all those protracted examinations concerning value that have hitherto been confined to the appraiser's and collector's tribunal. To permit this would not, in my judgment, subserve the public interests, and would be contrary to the plain intent of the statute. On this very subject the supreme court, in the case of *Bartlett* v. *Kane*, 16 How. 272, say:

"The interposition of the courts in the appraisement of importations would involve the collection of the revenue in inextricable confusion and embarrassments. Every importer might feel justified in disputing the accuracy of the judgment of the appraisers, and claim to make proof before a jury months or even years after the articles have been withdrawn from the control of the government, and when the knowledge of the transaction has faded from the memory of its officers."

The court cannot act as appraiser or liquidating officer at the suit of the government, and refuse to do so at the suit of the importer; the same rule must apply to each, except in so far as the statute itself makes a distinction. In no case can the court disregard or correct an appraisal or a liquidation, except after protest and appeal under section 2931. As against importers this rule has often been applied. The same rule requires judgment for the defendant upon this de-

murrer. *U. S.* v. *Earnshaw*, 12 FED. REP. 283; *U. S.* v. *Bradley*, 25 Int. Rev. Rec. 75; *Westray* v. *U. S.* 18 Wall. 322; *Watt* v. *U. S.* 15 Blatchf. 29, 33; *U. S.* v. *Cousinery*, 7 Ben. 251; *Wills* v. *Russell*, 1 Holmes, 228.